1
2
3
4                      **UNITED STATES DISTRICT COURT**

5                            **DISTRICT OF NEVADA**

6

7    AMANOEEL A. MOSHI,                      )

8                        Plaintiff,          )        Case No.  2:12-cv-01018-PMP-CWH
                                             )
9    vs.                                     )        **ORDER**
                                             )
10   STATE FARM MUTUAL AUTOMOBILE            )
     INSURANCE COMPANY, *et al*.,            )
11                                           )
                                             )
12                       Defendants.         )
     _____)

13          This matter is before the Court on Defendant State Farm Mutual Automobile Insurance

14   Company's Motion to Strike Plaintiff's Experts or in the Alternative, to Limit Plaintiff's Treating

15   Doctors from Offering Testimony That Exceeds the Scope of Their Expertise or Treatment and/or

16   Offering Expert Opinion Regarding Future Treatment Costs and/or Disability As They Were Not

17   Properly Disclosed (#14), filed on May 9, 2013.  Plaintiff failed to provide a response.[1]

18                            **BACKGROUND**

19          This action arises out of an automobile accident that occurred on May 24, 2009.  On June

20   14, 2012, Defendant filed a Petition for Removal from the Eighth Judicial District Court (#1).  A

21   Discovery Plan and Scheduling Order was entered on August 15, 2012 with an expert witness

22   disclosure deadline of November 2, 2012 and rebuttal expert disclosure deadline of December 3,

23   2012 (#7).  An extension of these deadlines was granted on October 10, 2012 in which the expert

24   witness disclosure deadline was extended to February 1, 2013 and rebuttal expert disclosure

25   deadline was extended to March 1, 2013 (#9).

26          In the instant Motion, Defendant contends that Plaintiff failed to identify any expert

27

28   _____

           [1] Local Rule 7-2(d) states, "The failure of an opposing party to file points and authorities in
     response to any motion shall constitute a consent to the granting of the motion.

1  witnesses in his Initial Disclosures.  Defendant also claims that Plaintiff failed to provide any
2  expert reports for the treating physicians that he indicated he would rely on as experts in his
3  response to Interrogatory #16 namely, Keith Huynh, D.C., Jacob Steckel, D.C., and Ammon
4  Strehlow, D.C.  Also, Defendant alleges that Plaintiff never supplemented his answers to
5  interrogatory or production requests with information sufficient to timely disclose these treating
6  physicians as experts.  Indeed, Defendant notes that Plaintiff failed to provide expert witness or
7  rebuttal witness disclosures by the deadlines set in the discovery plan and scheduling order.  As
8  noted above, Plaintiff failed to file a response and thereby consented to the granting of this Motion.

9  **DISCUSSION**

10  **I.      Rule 26 Disclosure Requirements**

11       Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the
12  identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702,
13  703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  Generally, the disclosure regarding expert testimony is
14  intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-
15  examination and arrange for expert testimony from other witnesses.  *See* Adv. Comm. Notes to
16  1993 Amendments.  The Federal Rules contemplate two different classes of experts: those retained
17  or specially employed to give expert testimony in a case, and witnesses who are not retained or
18  specially employed but, nevertheless, may provide expert testimony.  *See Elgas v. Colorado Belle
19  Corp.*, 179 F.R.D. 296, 298 (D. Nev. 1998) (citing *Piper v Harnischfeger Corp.*, 170 F.R.D. 173,
20  174 (D. Nev. 1997)).  For experts "retained or specifically employed to provide expert testimony"
21  the disclosure requirements are as follows:

22       (i) a complete statement of all opinions the witness will express and the basis and reasons
         for them;
23       (ii) the facts considered by the witness in forming them;
         (iii) any exhibits that will be used to summarize or support them;
24       (iv) the witness's qualifications, including a list of all publications authored in the
         previous 10 years;
25       (v) a list of all other cases in which, during the previous 4 years, the witness testified as
         an expert at trial or by deposition; and
26       (vi) a statement of the compensation to be paid for the study and testimony in the case.

27  Fed. R. Civ. P. 26(a)(2)(B).

28       Expert reports eliminate unfair surprise and conserve resources.  *Elgas*, 179 F.R.D. at 299

2

(citation omitted).  The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [] avoided, and costs are reduced."  *Id*.  As the Advisory Committee Notes state: "The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.  A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order."  *See* Adv. Comm. Notes to 1993 Amendments.

The disclosure requirements of Rule 26(a)(2)(B) have, at times, led to tension regarding when disclosure is triggered.  To resolve this tension, the Federal Rules were amended in 2010 to add Rule 26(a)(2)(C), which requires certain disclosures regarding an expert witness who is not required to provide a written report.  Specifically, "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify."  *See* Fed. R. Civ. P. 26(a)(2)(C).  These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions."  *See* Adv. Comm. Notes to 2010 Amendments.  The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts "must take care against requiring undue detail."  *Id*.  Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness.

### A.    Rule 26(a)(2)(C) Treating Physician Disclosure

Generally, a treating physician is not retained or specially employed to provide expert testimony as he or she is a percipient witness of the treatment rendered.  However, in *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011), the Ninth Circuit addressed the situation of "hybrid" experts and provided guidance regarding when a treating physician must

1  prepare a Rule 26(a)(2)(B) report.  *Goodman* confirms that a treating physician is not required to

2  make a Rule 26(a)(2)(B) report to the extent the treating physician's opinions are formed during the

3  course of treatment and limited to the scope of treatment rendered.  644 F.3d at 826.

4  　　　　This does not end the Court's inquiry as Rule 26(a)(2) requires a specific disclosure of

5  information by experts not required to provide a written report.  *See* Fed. R. Civ. P. 26(a)(2)(C).

6  Specifically, as indicated above, when identifying experts who are not retained or specially

7  employed, such as treating physicians, a party must state the "subject matter" on which the witness

8  is expected to testify and "a summary of the facts and opinions" to which the witness is expected to

9  testify.  *See* Fed. R. Civ. P. 26(a)(2)(C).

10  　　　　Both the Rule 26(a)(2)(B) written report and the Rule 26(2)(C) disclosure "share the goal of

11  increasing efficiency and reducing unfair surprise."  *Brown v. Providence Medical Center*, 2011

12  WL 4498824 *1 (D. Neb.).  Rule 26(a)(2)(C) requires the timely disclosure of a "summary of the

13  facts and opinions" to which a proposed witness will testify.  In interpreting Rule 26(a)(2)(C), a

14  District Court in Virginia found, that whatever its precise meaning, "a 'summary' is ordinarily

15  understood to be an 'abstract, abridgement, or compendium . . . [i]t follows that Plaintiffs cannot

16  comply with the rule by disclosing the complete records of the treating physicians in issue."

17  *Kristensen ex rel. Kristensen,* 2011 WL 5320686 *2 (W.D. Va.).  The Court agrees that the

18  production or disclosure of medical records, standing alone, is not sufficient to satisfy the

19  requirements of Rule 26(a)(2)(C).  While medical records undoubtedly touch on the subject matter

20  of a treating physician's testimony, they do not necessarily provide an accurate or complete

21  summary of expected testimony since medical records are not typically created in anticipation that

22  those records would be used as a witness disclosure.

23  　　　　　　　　　　　**B.**　　　　**Rule 26(e) Supplementation**

24  　　　Rule 26(e) provides:

25  A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its
   disclosure or response . . . in a timely manner if the party learns that in some material

26  respect the disclosure is incomplete or incorrect or if the additional or corrective
   information has not otherwise been made known to the other parties during the discovery

27  process or in writing.

28  　　　Rule 26(e) creates a duty to supplement, not a right.  *See Luke v. Family Care and Urgent*

1    *Medical Clinics*, 323 Fed. Appx. 496, 500 (9ᵗʰ Cir. 2009) (holding district court did not abuse its

2    discretion in excluding untimely expert declarations).  Rule 26(e) does not create a "loophole" for a

3    party who wishes to revise its initial disclosures to its advantage after the deadline has passed.  *Id.*

4    Indeed, supplementation means "correcting inaccuracies . . . based on information that was not

5    available at the time of the initial disclosure."  *Id.* (citing *Keener v. United States*, 181 F.R.D. 639,

6    640 (D. Mont. 1998) (finding second disclosure so substantially different from first that it could not

7    qualify as a correction of an incomplete or inaccurate expert report)).

8         Consequently, expert disclosures must be supplemented when a party "learns that in some

9    material respect the information disclosed is incomplete or incorrect" but only "if the additional or

10   corrective information has not otherwise been made known to the other parties during the discovery

11   process or in writing."  Fed. R. Civ. P. 26(e)(1).  The supplementation requirement of Rule 26(e)(1)

12   is not intended to permit parties to add new opinions to an expert report based on evidence that was

13   available to them at the time the initial expert report was due.  *See Toomey v. Nextel*

14   *Communications, Inc.*, 2004 WL 5512967, *4 (N.D. Cal.); *see also Salgado v. General Mot*ors

15   Corp., 150 F.3d 735, 743 (7th Cir. 1998).  Indeed, the Ninth Circuit has recently emphasized that

16   the expert disclosure deadline must be taken seriously.  *Wong v. Regents of the University of*

17   *California*, 379 F.3d 1097, 1103-1105 (9th Cir. 2004) (affirming exclusion of untimely disclosed

18   expert under Rule 37(c)(1) and finding no substantial justification or harmlessness).

19   **II.      Striking Plaintiff's Treating Physicians As Expert Witnesses**

20        The Court finds that Plaintiff has not provided sufficient information in his initial

21   disclosures as required by Rule 26(a)(2)(C) to timely disclose Keith Huynh, D.C., Jacob Steckel,

22   D.C., and Ammon Strehlow, D.C. as expert witnesses.  A statement in response to an interrogatory

23   that Plaintiff intends to use his treating physicians as experts witness is inadequate to satisfy the

24   expert disclosure requirements.

25        Once it is determined, as here, that a party has failed to provide information required by

26   Rule 26(a)(2)(C) or 26(e), then "the party is not allowed to use that information or witness to

27   supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified

28   or harmless."  Fed. R. Civ. P. 37(c)(1).  Rule 37(c) "gives teeth" to the requirements of Rule 26(a)

and Rule 26(e) so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1).  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction).  Generally, the exclusion penalty is "self-executing" and "automatic."  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong inducement for disclosure of material and affirming district court's preclusion of undisclosed damages evidence).

The party facing sanction has the burden of showing that any failure to disclose is substantially justified or harmless.  *See Yeti*, 259 F.3d at 1107.  The factors that may properly guide a court in determining whether a violation is substantially justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.  *Manneh v. Inverness Medical Innovations, Inc.*, 2010 WL 3212129, *2 (S.D. Cal. 2010) (finding failure to disclose certain documents and witness not harmless where opposing party was unable to prepare its defense in time for trial).

As noted above, Plaintiff consented to the granting of this motion by failing to file a response as specified in Local Rule 7-2(d).  Therefore, the Court finds that there is no substantial justification and failure to properly disclose experts is not harmless.

Based on the foregoing and good cause therefore,

**IT IS HEREBY ORDERED** that Defendant State Farm Mutual Automobile Insurance Company's Motion (#14) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's disclosure of his treating physicians as experts is stricken.

DATED this 30th day of May, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**